RAÚL LABRADOR
Attorney General

MATT K. STEEN, ISB # 10285
Deputy Attorney General
State of Idaho
Department of Insurance
700 W. State Street, 3rd Floor
P.O. Box 83720
Boise, Idaho 83720-0043
Telephone: (208) 334-4204
Facsimile: (208) 334-4298
matt.steen@doi.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PACIFICSOURCE COMMUNITY HEALTH PLANS, an Oregon Corporation,<br><br>     Plaintiffs,<br><br>vs.<br><br>DEAN L. CAMERON, in his professional capacity as Director of the IDAHO DEPARTMENT OF INSURANCE,<br><br>     Defendant. | Case No. 1:25-cv-00638-DCN<br><br>**DEFENDANT'S MOTION TO STRIKE** |

COMES NOW the Defendant, Dean L. Cameron, in his professional capacity as Director of the Idaho Department of Insurance, pursuant to Federal Rule of Civil Procedure 12(f)(2) and hereby moves this court to strike certain impertinent and scandalous assertions made against Director Cameron by Plaintiff PCHP in its Memorandum in Opposition to the Defendant's Motion to Dismiss [Dkt. 9].

**MOTION TO STRIKE - 1**

## ARGUMENT

In its opposition on page 7 the Defendant wrote, with emphasis added:

The result of PCHP's engagement in the administrative remedies presented by DOI was silence **and the consequent continued enforcement of the DOI's Amended C&D through subsequently initiated contempt proceedings**. *See*, Supplemental Declaration of Jim Havens in Support of Motion for Temporary Restraining Order and Preliminary Injunction, Exhibit A [Dkt. 11-1]

This statement is not only untrue but could cause real harm to the Director's reputation among insurers, other regulators, and his standing within the NAIC (National Association of Insurance Commissioners) of which he is past president.

### a.   The DOI has not continued to enforce the Cease and Desist Order

The cease and desist of itself has no enforcement mechanism and imposes no penalties. To enforce it, the Department would need to file a separate administrative action based on a belief that PCHP has not complied with the C&D. Had this court not issued its temporary restraining order, the DOI would have done just that, but the administrative process has essentially been stayed by that order.

Alleging the DOI and Director Cameron are continuing to enforce the C&D casts both in a bad light. The DOI halted all contemplated enforcement proceedings in its tracks when it received the court's decision on the temporary restraining order. The only "enforcement" the DOI could implement would be the issuance of a complaint. Plaintiff's memorandum is misleading and depicts the Department as ignoring a court order.

### b.   There is no such action as contempt under title 41 or the Idaho Administrative Procedure Act

The second falsehood in Plaintiff's memorandum is more vexing for the Department since it repeatedly attempted to make clear to its counsel that the Department has no authority to hold a party in contempt.

On October 21, 2025, the Department sent PCHP an inquiry under Idaho Code § 41-247 (attached hereto as Exhibit A) asking for certain information and data related to MA plans it administers in Idaho. The statute reads:

> The director shall have power to direct an inquiry in writing to any person subject to his jurisdiction with respect to any insurance transaction or matter relative to a subject of insurance resident, located, or to be performed in this state. The person to whom such an inquiry is addressed shall upon receipt thereof promptly furnish to the director all requested information which is in his possession or subject to his control

PCHP declined to respond to the Director's inquiry (attached hereto as Exhibit B) requesting that data, prompting a complaint (attached hereto as Exhibit C), which the DOI filed on November 17, 2025. While the information requested of PCHP does concern the actions of a MA carrier, it has no relation to the Cease and Desist Order *at all*. The complaint filed due to the violation of Idaho Code § 41-247 is a separate matter which PCHP has not brought to federal court, which PCHP has answered, and which will go before the Idaho Office of Administrative Hearings. This is also, unfortunately, what PCHP has repeatedly referred to as a "contempt proceeding" when it clearly is not.

Upon DOI's filing the complaint, and attendant to discussions surrounding staying the administrative enforcement of the separate C&D, PCHP's counsel emailed DOI's counsel mentioning a "contempt proceeding" against PCHP. The DOI counsel's confusion is evident in his reply since there is *no* such action allowed under title 41.[1] The parties spoke later that day in which

---

[1] *See*, Affidavit of Matt Steen.

**MOTION TO STRIKE - 3**

DOI's counsel again attempted to assuage PCHP's counsel that there are no contempt proceedings under title 41 or the APA.

DOI's counsel thought the matter resolved until seeing the accusation in PCHP's memorandum.

### c.  Director Cameron could suffer real harm if PCHP's remarks are not stricken.

The matter with PCHP and its other, identical matter pending with this court are receiving national attention in the insurance industry. Every document filed in this matter is reviewed by other states contemplating similar actions as well as other insurance carriers and industry professionals.[2] Director Cameron has a decades-earned, impeccable reputation in the insurance regulator industry. A false accusation that he has disregarded a court order with continued enforcement of an order expressly against a court order could damage that reputation and his standing with the NAIC and among his fellow director peers.

It is unknown to the Director why PCHP keeps referring to a separate, unrelated complaint with no mention of the word "contempt" in it as a contempt motion, but its inclusion in its memorandum is more than harmless error. It paints the Director in a bad light before not only this Court but to all the interested parties following these proceedings.

For these reasons, and to preserve his reputation, Director Cameron respectfully moves this court to strike those comments in Plaintiff's Memorandum in Support [Dkt. 9] that allege he has not complied with this Court's order and filed any action that holds PCHP "in contempt" for not abiding by the cease and desist order.

//

//

---

[2] *Id.*

**MOTION TO STRIKE - 4**

DATED this 12th day of December 2025.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

MATT K. STEEN, Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December 2025, I caused a true and correct copy of the foregoing MOTION TO STRIKE to be served upon the following by the designated means:

| | |
|---|---|
| Daniel Loras Glynn<br>Susant E. Hunt<br>JONES WILLIAMS FUHRMAN GOULEY<br>The 9th & Idaho Center<br>225 N 9th Street Ste 820<br>PO Box 1097<br>Boise, ID 83702<br>*Attorneys for Plaintiffs* | ☐ First Class Mail<br>☐ Certified Mail<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Email:<br>☒ CM/ECF System |

Jan Noriyuki
Paralegal

**MOTION TO STRIKE - 5**